FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 23 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00143-BNB

RANDY KAILEY,

      Plaintiff,

v.

BILL RITTER, et al.,

      Defendants.

---

## ORDER OF DISMISSAL

---

      Plaintiff Randy Kailey is in the custody of the Colorado Department of

Corrections (DOC) and currently is incarcerated at the Sterling, Colorado, Correctional

Facility.  Originally, Mr. Kailey filed a Prisoner Complaint on January 21, 2011.

Magistrate Judge Boyd N. Boland reviewed the Complaint, determined that Mr. Kailey

had failed either to pay the $350.00 filing fee or in the alternative to request leave to

proceed pursuant to 28 U.S.C. § 1915, and entered an order on January 31, 2011,

instructing Mr. Kailey to cure the deficiency.  After an extension of time to comply with

the January 31 Order, Magistrate Judge Boland granted Mr. Kailey leave to proceed

pursuant to § 1915.  Magistrate Judge Boland then entered an order on March 22,

2011, directing Mr. Kailey to file an Amended Complaint that asserted how each named

defendant personally participated in violating his constitutional rights.  Mr. Kailey filed

the Amended Complaint on April 13, 2010.  The Amended Complaint is seventy pages

long, names thirty-seven defendants, and fails to state a short and plain statement

showing that Mr. Kailey is entitled to relief.  The claims are repetitive and are set forth in

a narrative, chronological format rather than in a short and concise format as required under Fed. R. Civ. P. 8(a). Upon review of the Amended Complaint, Magistrate Judge Boland entered an order on April 18, 2011, instructing Mr. Kailey to file a Second Amended Complaint that complies with Rule 8.

Mr. Kailey filed a Second Amended Complaint on May 10, 2011. The Second Amended Complaint is fifty-five pages long and names thirty-five defendants. Again, the claims are repetitive and not presented in keeping with Rule 8. The Court must construe the Second Amended Complaint liberally because Mr. Kailey is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court cannot act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110.

Although Mr. Kailey has failed to comply with Rule 8, the Court has reviewed the claims and determined as follows. For the most part, Mr. Kailey's supporting facts took place more than two years before he submitted the instant action for filing, and his claims now are barred by the statute of limitations. Even if the Court were to consider Mr. Kailey's claims on the merits, the claims would be dismissed as legally frivolous for the reasons stated below.

Mr. Kailey asserts five claims including (1) prison staff failed to enter his earned time credits in the DOC Information System each time he was transferred from one prison facility to another between January 1986 and December 2008; (2) he was denied credits even though he was on the waiting list for mental health care and was eligible to receive credits; (3) he was denied credits even though he was actively participating in a recommended health care program and was eligible to receive credits; (4) he was

2

denied credits even though he had participated in educational programs; and (5) he was denied credits as a result of the sanctions he was assessed for different disciplinary infractions. Mr. Kailey also contends that DOC Administrative Regulation 550-12 violates the Ex Post Facto Clause and the Double Jeopardy Clause and should not be applied retroactively. He further asserts that his Eighth Amendment rights were violated because he was denied earned time credits, even though he was participating in a "one-on-one" sex offender program and was on a waiting list for group treatment prior to being transferred to a facility that did not offer the Sex Offender Treatment and Monitoring Program (SOTMP). Finally, Mr. Kailey asserts that other prisoners continue to receive earned time credits following a disciplinary conviction while he does not.

First, the Court notes that Mr. Kailey was convicted in the Jefferson County District Court of two counts of aggravated incest, committed against his three and four-year old daughters in October 1984, and was sentenced to two consecutive, sixteen-year terms of incarceration on January 10, 1986. *See State of Colo. v. Kailey*, 807 P.2d 563 (Colo. App. Mar. 18, 1991). Throughout the Second Amended Complaint, Mr. Kailey contends that the earned time credits he has been denied should have been credited directly against his sentence. He contends that the failure to credit his sentence is a violation of his due process rights. Mr. Kailey's argument is refuted by the following findings.

The Constitution guarantees due process when a person is to be deprived of life, liberty, or property. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). A liberty interest may arise from the Constitution itself or it may arise from an expectation or interest created by state laws or policies. *Wilkinson v. Austin,* 545 U.S. 209, 221

3

(2005). State law may create a liberty interest if it imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," *Sandin v. Conner*, 515 U.S. 472, 480 (1995), or if the state action inevitably will affect the length of the prisoner's confinement, *id.* at 487.

"There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979). Thus, if Mr. Kailey was deprived of a liberty interest that interest must arise under state law. A federal court, however, is bound by the Colorado Supreme Court's construction of state law. *Fultz v. Embry*, 158 F.3d 1101, 1103 (10th Cir. 1998) (citing *Mullaney*, 421 U.S. at 691). Only if the state court's construction of state law offends the United States Constitution is it a matter of plenary review. *Fultz*, 158 F.3d at 1103.

The statute that Mr. Kailey relies on for his asserted liberty interest in earned time credits is C.R.S. § 17-22.5-302(b)(3) and reads in part as follows:

> For each inmate sentenced for a crime committed on or after July 1,1979, but before July 1, 1985, the department shall review the performance record of the inmate and shall grant, consistent with the provisions of this section, an earned time deduction from the sentence imposed. Such review shall be conducted at least annually; . . . The earned time deduction authorized by this section shall vest upon being granted and may not be withdrawn once it is granted.

Earned time credit, however, is used, as is good time credit, to determine when an inmate has earned the right to parole depending on the applicable sentencing statute. *See Bynum v. Kautzky*, 784 P.2d 735, 739 (Colo. 1989) ("[T]he earned time and good time provisions of [Colorado Revised Statutes] §§ 17-22.5-301 to -302[,] . . . together with § 16-11-310, were only intended to establish the mandatory date of

4

release on parole. . . .")  Retroactively applying this construction of state law by the Colorado Supreme Court does not violate an inmate's right to due process.  *See Fultz,* 158 F.3d at 1104 (it was foreseeable that § 16-11-301 would not be construed so as to defeat the purpose or eliminate the requirement of parole).

Furthermore, Colo. Rev. Stat. § 17-2-201(5)(a) (1989) provides in pertinent part:

> [A]s to any person sentenced for conviction of a sex offense, as defined in section 16-13-202(5), C.R.S., . . . the board has the sole power to grant or refuse to grant parole and to fix the condition thereof and has full discretion to set the duration of the term of parole granted, . . . .

The Tenth Circuit agreed with the Colorado Supreme Court's interpretation of § 17-2-201(5)(a) finding the plain language of this statute dictates that any person sentenced for conviction of a sex offense is subject to discretionary parole.  *See Lustgarden v. Gunter,* 966 F.2d 552, 554 (10th Cir. 1992).  The Tenth Circuit determined that because there are no ambiguities in the state court interpretation of Colorado's sex offender parole statutes the state court interpretation is controlling.  *See id.* at 553.

Mr. Kailey was convicted of a sex offense.  He is subject to a discretionary parole and not a mandatory parole.  He, therefore, does not have a liberty interest in receiving direct credit against his sentence for the purpose of parole.  The Court also notes that this is not the first time Mr. Kailey has sought direct credit against his sentence or claimed a liberty interest in a mandatory parole.  *See Rather v. Romer,* No. 90-1260 (10th Cir. Apr. 8, 1991) (unpublished).  Mr. Kailey's claims were dismissed in *Rather* because he was convicted and sentenced for a sex offense and the parole board has discretion to deny or grant a parole.  *See Id.* at *2.

Furthermore, Mr. Kailey's right to acquire credits claim does not state a deprivation of life or property.  He is not entitled to due process unless he has a

constitutionally protected liberty interest in the opportunity to acquire earned time credits. The existence of a constitutionally protected liberty interest depends upon the nature of the interest asserted. *See Sandin*, 515 U.S. at 480. A prisoner is not entitled to any procedural protections in the absence of a grievous loss. *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). Generally, a liberty interest protected by due process may arise under the United States Constitution or state law.

Mr. Kailey's inability to earn a certain amount of credits per month does not implicate a liberty interest that arises directly under the Constitution because prisoners are not entitled to any particular degree of liberty. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Templeman*, 16 F.3d at 369. In short, the Due Process Clause does not protect every change in the conditions of confinement that has a substantial adverse impact on the prisoner. *See Meachum*, 427 U.S. at 224. As a result, earned time credits are not protected independently by the Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974).

The Court also finds that Mr. Kailey fails to demonstrate the existence of any constitutionally protected liberty interest that arises under state law because the award of earned time credits in Colorado is discretionary with prison authorities. *See Fogle v. Pierson*, 435 F.3d 1252, 1262 (10th Cir. 2006). In the absence of a constitutionally protected liberty interest, Mr. Kailey fails to asserted a violation of his due process rights. Because Mr. Kailey fails to assert a violation of his due process rights with respect to the denial of earned time credits, his related deliberate indifference claim also lacks merit.

Mr. Kailey's due process claim regarding the denial of earned time credits for disciplinary reasons also lacks merit. DOC prison regulations provide that offenders convicted of disciplinary offenses are not eligible for earned time credits for a certain period of time following the conviction. *See* DOC Administrative Regulation 550-12(IV)(F)(3). The fact that discretionary earned time credits were withheld in response to disciplinary convictions is not an atypical and significant hardship in relation to the ordinary incidents of prison life.

Also, the determination that the completion of certain educational programs by Mr. Kailey did not qualify for earned time credit does not state a violation of his due process rights. Again, the credits are discretionary and withholding the credits is not an atypical and significant hardship.

Furthermore, with respect to Mr.Kailey's double jeopardy claim, the Tenth Circuit has made it clear that prison disciplinary sanctions do not implicate the Double Jeopardy Clause. *See Wirsching v. Colorado*, 360 F.3d 1191, 1205 (10th Cir. 2004).

As for Mr. Kailey's retroactivity and ex post facto claims, the States are prohibited from enacting a law "which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed." *See Weaver v. Graham*, 450 U.S. 24, 28 (1981) (quotation omitted); *see also Boutwell v. Keating,* 399 F.3d 1203, 1215 (10th Cir. 2005). This prohibition extends to agency regulations. *Smith v. Scott,* 223 F.3d 1191, 1193-94 (10th Cir. 2000). A law or regulation violates the Ex Post Facto Clause if the law (1) applies to events occurring before it was enacted, and (2) disadvantages the petitioner by

7

changing the definition of criminal conduct or increasing the sentence thereof. *Id.* at 1194 (citing *Lynce v. Mathis,* 519 U.S. 433, 441 (1997)).

Mr. Kailey asserts that Defendants have artfully applied AR 550-12 against him for the time period prior to the enactment of AR 550-12 by basing the denial of earned time credits on his failure to participate in the SOTMP. Mr. Kailey's claim is not based on the change of the definition of a criminal conduct or an increase to his sentence. Furthermore, as stated above, the granting of earned time credit to Mr. Kailey is discretionary and only applies to the determination of when he is parole eligible. Even if a change to AR 550-12 was being applied to events that occurred before it was enacted, the change did not redefine criminal conduct or increase a sentence. Mr. Kailey's ex post facto claim lacks merit.

Furthermore, "not every retroactive procedural change creating risk of affecting an inmate's terms or conditions of confinement is prohibited." *Garner v. Jones*, 529 U.S. 244, 250 (2000). For the reasons stated above under the ex post facto discussion, the changes to AR 550-12 may be applied retroactively.

Mr. Kailey's disparate treatment claim also is without merit. Mr. Kailey states that other inmates continue to receive earned time credits even though they have been convicted of a disciplinary infraction. He also appears to assert discrimination because he has been placed in a prison facility where the SOTMP is not available. Mr. Kailey may not rely on vague and conclusory allegations that his rights have been violated. *See Fogle*, 435 F.3d at 1263 n.7. Even reading Mr. Kailey's claims liberally, the allegations do not make a rational argument on the law and facts supporting an equal protection claim. Mr. Kailey fails to assert how he was treated differently from other

8

**similarly situated** inmates in the denial of earned time credits or for his placement in a prison facility where SOTMP is not available. *See Penrod v. Zavaras,* 94 F.3d 1399, 1406 (10th Cir. 1996).

The Court, therefore, finds that even though Mr. Kailey's claims for the most part are barred by the statute of limitations, the claims are legally frivolous. Accordingly, it is

ORDERED that the Complaint and action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

DATED at Denver, Colorado, this _23rd_ day of ____June____, 2011.

BY THE COURT:

___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00143-BNB

Randy Kailey
Prisoner No.  50247
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

     I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT**  to the above-named individuals on June 23, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
                  Deputy Clerk