F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 2 0 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00143-LTB

RANDY KAILEY,

    Plaintiff,

v.

BILL RITTER, et al.,

    Defendants.

## ORDER DENYING MOTION FOR RECONSIDERATION

At issue is Plaintiff Randy Kailey's Motion for Reconsideration, Doc. No. 16. The Court must construe the Motion liberally because Mr. Kailey is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Court will deny the Motion for Reconsideration.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion for reconsideration filed more than twenty-eight days after the final judgment in an action should be considered pursuant to Rule 60(b). *See Id.* (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (limit effective prior to December 1, 2009) set forth under Rule 59(e)). Mr. Kailey's Motion for Reconsideration was filed within twenty-eight

days after the Court's Order of Dismissal was entered on June 23, 2011. Therefore, the Motion is construed as filed pursuant to Fed. R. Civ. P. 59(e).

The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. See Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion for reconsideration is appropriate where a court has misapprehended the facts, a party's position, or the controlling law. Id. (citing Van Skiver, 952 F.2d at 1243). Mr. Kailey does not argue an intervening change in controlling law or the availability of new evidence. Although Mr. Kailey challenges each issue that the Court addressed in the Order of Dismissal, he fails to demonstrate the need to correct clear error or prevent manifest injustice.

Mr. Kailey was convicted in the Jefferson County District Court of two counts of aggravated incest. As the Court stated in the June 23 Order of Dismissal, any person sentenced for a conviction of a sex offense is subject to discretionary parole. Mr. Kailey also does not have a constitutional right to acquire earned time credits based on federal or state law. Furthermore, contrary to Mr. Kailey's argument in the Motion that his claims are timely under the Continuing Violation Doctrine, because he was not aware of the prison's continual discriminatory practice of denying him earned time credits until June 2010, Mr. Kailey challenged his inability to acquire earned time credits and his discretionary parole, along with nine other prisoners, in state court in 1993, see Rather v. Colorado State Bd. of Parole, 856 P.2d 860 (Colo. 1993). Mr. Kailey, along with another prisoner, also filed a 42 U.S.C. § 1983 action in this Court, in which his challenge of the State of Colorado's decision regarding the parole board's discretion to

deny or grant parole to all sex offenders was denied and affirmed on appeal. See *Rather v. Romer*, 930 F.2d 34 (10th Cir. Apr. 8, 1991) (Table). Mr. Kailey's attempts to challenge his parole and inability to acquire earned time credits are repetitive and legally frivolous.

Therefore, upon consideration of the Motion for Reconsideration and the entire file, the Court concludes that Mr. Kailey fails to demonstrate some reason why the Court should alter or amend the June 23 Order of Dismissal in this action. Accordingly, it is

ORDERED that the Motion for Reconsideration, Doc. No. 16, is construed as filed pursuant to Fed. R. Civ. P. 59(e) and is denied.

DATED at Denver, Colorado, this __20th__ day of ___July___, 2011.

BY THE COURT:

__s/Lewis T. Babcock__
LEWIS T. BABCOCK, Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00143-BNB

Randy Kailey
Prisoner No. 50247
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on July 20, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk